**DAVID R. OWENS**—CA State Bar No. 180829
Email: dowens@owenstarabichi.com
**BRUNO TARABICHI**—CA State Bar No. 215129
Email: btarabichi@owenstarabichi.com
**OWENS TARABICHI LLP**
111 W. Saint John St., Suite 588
San Jose, California 95113
Telephone: (408) 298-8200
Facsimile: (408) 521-2203

Attorneys for Defendant
Savetz Publishing, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **j2 GLOBAL COMMUNICATIONS, INC.**, <br><br> Plaintiff, <br><br> vs. <br><br> **SAVETZ PUBLISHING, INC.**, <br><br> Defendant. | Case No. C 08-04469 EDL <br><br> **DEFENDANT SAVETZ PUBLISHING, INC.'S ANSWER TO J2'S FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |

Savetz Publishing, Inc. ("Savetz"), through its attorneys, hereby answers Plaintiff's Complaint as follows:

**PARTIES**

1. Savetz lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies such allegations.

2. Savetz admits that it is a California corporation with a principal place of business in Blue Lake, California.

**JURISDICTION**

3. Savetz admits that the Complaint purports to state claims for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. but denies any conduct or omission giving rise to such claims. Savetz admits that 28 U.S.C. §§ 1331 and 1338(a) provide the Court with subject matter jurisdiction over patent claims. Savetz lacks sufficient knowledge or information to form a belief as to the truth of any remaining allegations contained in Paragraph

3 of the Complaint and, therefore, denies such allegations.

**VENUE**

4. Savetz admits that 28 U.S.C. §§ 1391(b) and (c) and 1400(b) provide the Court with proper venue in this case but denies that it has committed or continues to commit any acts of infringement.

**DEFENDANT'S ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,564,193**

5. Except as stated above, Savetz lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and, therefore, denies such allegations.

6. Savetz lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies such allegations.

7. Savetz denies the allegations in Paragraph 7 of the Complaint.

8. Savetz denies the allegations in Paragraph 8 of the Complaint.

9. Savetz denies the allegations in Paragraph 9 of the Complaint.

10. Savetz denies the allegations in Paragraph 10 of the Complaint.

**DEFENDANT'S ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,020,132**

11. Except as stated above, Savetz lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies such allegations.

12. Savetz lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies such allegations.

13. Savetz denies the allegations in Paragraph 13 of the Complaint.

14. Savetz denies the allegations in Paragraph 14 of the Complaint.

15. Savetz denies the allegations in Paragraph 15 of the Complaint.

16. Savetz denies the allegations in Paragraph 16 of the Complaint.

## AFFIRMATIVE DEFENSES

Savetz asserts the following affirmative defenses against the allegations made by the Plaintiff in the Complaint. In this regard, Savetz undertakes the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the present Answer.

### First Affirmative Defense

(Failure to State a Cause of Action)

17. The Complaint and each and every cause of action therein fails to state facts sufficient to constitute a cause of action against Savetz.

### Second Affirmative Defense

(Estoppel)

18. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Third Affirmative Defense

(Laches)

19. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fourth Affirmative Defense

(Unclean Hands)

20. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

(Waiver)

21. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Sixth Affirmative Defense

(No Injury or Damage)

22. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damage as a result of any conduct by Savetz as alleged in the Complaint.

### Seventh Affirmative Defense

(No Infringement)

23. Savetz does not infringe U.S. Patent No. 6,564,193 nor has Savetz contributed to

or induced infringement of this patent.

24. Savetz does not infringe U.S. Patent No. 7,020,132 nor has Savetz contributed to or induced infringement of this patent.

**Eighth Affirmative Defense**

(Invalidity and Unenforceability of Patents)

25. U.S. Patent No. 6,564,193 is invalid and unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

26. U.S. Patent No. 7,020,132 is invalid and unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

**Ninth Affirmative Defense**

(Patent Prosecution Estoppel)

27. On the basis of proceedings in and statements made to the U.S. Patent and Trademark Office during prosecution of the patent applications that matured into U.S. Patent No. 6,564,193 and in all other patent applications related to or in the same patent family as U.S. Patent No. 6,564,193, Plaintiff is estopped from construing U.S. Patent No. 6,564,193 to cover any product or service made, used, sold, offered for sale, or imported into the U.S. by Savetz.

28. On the basis of proceedings in and statements made to the U.S. Patent and Trademark Office during prosecution of the patent applications that matured into U.S. Patent No. 7,020,132 and in all other patent applications related to or in the same patent family as U.S. Patent No. 7,020,132, Plaintiff is estopped from construing U.S. Patent No. 7,020,132 to cover any product or service made, used, sold, offered for sale, or imported into the U.S. by Savetz

**Tenth Affirmative Defense**

(Failure to Bring Action Within the Statute of Limitations)

29. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 286.

**Eleventh Affirmative Defense**

(Limitation on Damages for Patent Infringement)

30. Plaintiff's claims are barred, in whole or in part, by 35 U.S.C. § 287.

**Twelfth Affirmative Defense**

(Patent Misuse)

31. Plaintiff's claim for patent infringement is barred, in whole or in part, because Plaintiff is misusing, extending, or attempting to extend the alleged patent monopoly, if any, or the scope of the alleged patent monopoly, if any, afforded by U.S. Patent No. 6,564,193 contrary to the law and to the public policy of the U.S.

32. Plaintiff's claim for patent infringement is barred, in whole or in part, because Plaintiff is misusing, extending, or attempting to extend the alleged patent monopoly, if any, or the scope of the alleged patent monopoly, if any, afforded by U.S. Patent No. 7,020,132 contrary to the law and to the public policy of the U.S.

**Thirteenth Affirmative Defense**

(Lack of Standing)

33. Plaintiff's claim for patent infringement is barred, in whole or in part, because Plaintiff lacks standing to bring this action.

**Fourteenth Affirmative Defense**

(Right to Assert Additional Defenses)

34. Savetz hereby reserves the right to plead any additional affirmative defenses that become available or known as this action proceeds, including, but not limited to, those defenses that become known to Savetz through discovery. Savetz reserves the right to amend its Answer to add additional defenses or to delete any affirmative defenses that it determines are not applicable.

**COUNTERCLAIMS**

For its counterclaims against Plaintiff j2 Global Communications, Inc., Savetz alleges as follows:

**Nature of the Counterclaims**

35. The counterclaims herein are made under 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment of invalidity, unenforceability, and non-infringement of U.S. Patent Nos. 6,564,193 and 7,020,132. These counterclaims arise under the Patent Laws of the U.S., Title 35

1 U.S.C.

2     36.     This Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. § 1338.

    37.     An actual and justiciable controversy exists between Plaintiff j2 Global Communications, Inc. and Savetz with respect to the alleged infringement, validity, and enforceability of U.S. Patent Nos. 6,564,193 and 7,020,132.

**First Counterclaim**

(Invalidity of Patents)

    38.     U.S. Patent No. 6,564,193 is invalid for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

    39.     U.S. Patent No. 7,020,132 is invalid for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

**Second Counterclaim**

(Unenforceability of Patents)

    40.     U.S. Patent No. 6,564,193 is unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

    41.     U.S. Patent No. 7,020,132 is unenforceable for failure to satisfy the conditions of patentability specified in Title 35, U.S.C. §§ 101, 102, 103, and 112.

**Third Counterclaim**

(No Infringement)

    42.     Savetz does not infringe U.S. Patent No. 6,564,193.

    43.     Savetz does not infringe U.S. Patent No. 7,020,132.

**Fourth Counterclaim**

(No Contributory or Induced Infringement)

    44.     Savetz has not contributed to or induced infringement of U.S. Patent No. 6,564,193.

    45.     Savetz has not contributed to or induced infringement of U.S. Patent No. 7,020,132.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Savetz Publishing, Inc. prays:

1. That the Court declare, adjudge, and decree that U.S. Patent No. 6,564,193 is invalid.

2. That the Court declare, adjudge, and decree that U.S. Patent No. 7,020,132 is invalid.

3. That the Court declare, adjudge, and decree that U.S. Patent No. 6,564,193 is unenforceable.

4. That the Court declare, adjudge, and decree that U.S. Patent No. 7,020,132 is unenforceable.

5. That the Court declare, adjudge, and decree that Defendant Savetz has not infringed and does not infringe U.S. Patent No. 6,564,193.

6. That the Court declare, adjudge, and decree that Defendant Savetz has not infringed and does not infringe U.S. Patent No. 7,020,132.

7. That the Court declare, adjudge, and decree that Defendant Savetz has not contributed to or induced and does not contribute to or induce infringement of U.S. Patent No. 6,564,193.

8. That the Court declare, adjudge, and decree that Defendant Savetz has not contributed to or induced and does not contribute to or induce infringement of U.S. Patent No. 7,020,132.

9. That Plaintiff j2 Global Communications, Inc. take nothing by the Complaint.

10. That Plaintiff j2 Global Communications, Inc.'s Complaint be dismissed with prejudice.

11. That the Court declare this to be an exceptional case under 35 U.S.C. § 285 and award Defendant Savetz its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action.

12. That the Court award such further relief to Defendant Savetz as deemed just and proper.

**DEMAND FOR JURY TRIAL**

Defendant Savetz Publishing, Inc. hereby demands a jury trial.

Date: February 24, 2009        Respectfully Submitted,


  /s/ David R. Owens
David R. Owens
Bruno W. Tarabichi
OWENS TARABICHI LLP
111 W. Saint John St., Suite 588
San Jose, California 95113
Telephone: (408) 298-8200
Facsimile: (408) 521-2203

Attorneys for Defendant Savetz Publishing, Inc.